## THE CORVUS.

## ADAMS v. DIREZIONE GENERALE COMBUSTIBILI. UNIVERSAL TRANSP. CO. v. GREEN STAR S. S. CORPORATION.

(Circuit Court of Appeals, Fourth Circuit.   May 1, 1923.)

Nos. 2064, 2075.

Shipping ☞49(6, 7), 174—Consignee liable for demurrage, and may collect dispatch money by proceeding in rem.

A consignee is liable for demurrage, and its right to collect dispatch money is reciprocal, and may be enforced in a proceeding in rem.

Appeals from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Libels by the Direzione Generale Combustibili and by the Universal Transportation Company, respectively, against the Green Star Steamship Corporation and Robert C. Adams, its receiver, respectively. From a decree of the District Court (282 Fed. 939), the receiver and the Universal Transportation Company appeal.   Affirmed.

Wallis Giffen, of Baltimore, Md. (Lee S. Meyer, of Baltimore, Md., on the briefs), for libelants.

Frank B. Ober, of Baltimore, Md. (Bigham, Englar & Jones, of New York City, and Janney, Stuart & Ober, of Baltimore, Md., on the briefs), for claimant and its receiver.

Before WOODS and WADDILL, Circuit Judges, and McCLINTIC, District Judge.

WADDILL, Circuit Judge.  The libels in these two cases were filed respectively in proceedings in rem against the steamship "Corvus," to recover certain dispatch money, due under a contract of affreightment entered into on the 4th day of November, 1920, between the owners of the vessel and the Universal Transportation Company, for the carriage of 7,000 tons of coal, 10 per cent. more or less, from Norfolk, Va., to a port on the west coast of Italy, at the rate of $13 per ton, and providing for demurrage in the event of the vessel not loading and discharging the cargo within the time named in the charter, at 48 cents per gross registered ton of the steamer, per day, or part of a day, and dispatch money to be paid at the rate of 16 cents per gross registered ton.

The cargo of coal was duly loaded, the consignee being the Direzione Generale Combustibili, the appellee in the first-styled case.  The bill of lading provided that the consignee should discharge the cargo, which it did, and the time saved in unloading, as ascertained by the lower court, was 3 days 9 hours and 43 minutes, which at 16 cents, named as dispatch money, amounted to $3,325.06.  The two cases were considered together by the District Court, and also here, as they relate to the same subject-matter; that is, whether dispatch money should be paid, and, if so, to whom.

Three questions were earnestly pressed for consideration, namely: First, whether dispatch money was recoverable under the circumstanc-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

es; second, whether a libel in rem against the ship would lie therefor; and, third, to whom the amount properly recoverable should be paid, as between the consignor, the ship's charterer, and the consignee. These questions were fully considered by the trial court, with the result that 3 days 9 hours and 43 minutes was ascertained as the time for which dispatch money should be allowed, at the rate before mentioned, that an action in rem against the ship did lie for the same, and that the amount ascertained by the court was recoverable by the consignee, Direzione Generale Combustibili, charged with the obligation of unloading the vessel.

With these conclusions of the District Court (282 Fed. 939), we are in full accord, and do not desire to add anything to the reasons given. The decrees of that court in the respective cases will be affirmed, with costs.

Affirmed.